**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RAGHDA E. FAKHOURY,

      Plaintiff,

v.                                                 Case No. 10-14190

AMERICAN GENERAL LIFE INSURANCE
COMPANY,

      Defendant.
                                                    /

**ORDER REQUIRING "STATEMENT OF JURISDICTION"**

Plaintiff Raghda E. Fakoury initiated this action in Macomb County Circuit Court on September 15, 2010. Defendant American General Life Companies, LLC, was served on September 23, 2010, and timely removed to this court on October 19, 2010. Defendant alleges subject matter jurisdiction through diversity of citizenship. *See* 28 U.S.C. § 1332.

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Title 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1332(a), therefore, the two

requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000, and (2) that complete diversity exist between the disputing parties.

At the time of the removal, Defendant alleged that complete diversity of citizenship existed between itself and Plaintiff Raghda E. Fakhoury. Defendant sufficiently alleged that Plaintiff was a citizen of Michigan, but did not adequately allege its own citizenship. Defendant stated that it was "a limited liability company organized under the laws of Delaware with its principal place of business in Texas, and is thus not a citizen of Michigan for the purposes of 28 U.S.C. § 1332." (Notice ¶ 7.) However, limited liability companies "have the citizenship of each partner or member." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (citing *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* (citing *Delay*, 585 F.3d at 1005). Thus, Defendant's "Notice of Removal" did not contain sufficient facts by which this court could determine the existence of subject matter jurisdiction.

Since that time, the parties filed a stipulation and proposed order which substituted "American General Life Insurance Company as a party defendant in place of American General Life Companies, LLC." (Stip. ¶ 1.) The stipulation contains no further statement of Defendant's citizenship. The court finds that the new Defendant, American General Life Insurance Company, is likely a corporation which is "organized under the laws of Delaware with its principal place of business in Texas," as intimated in the original "Notice of Removal." Nonetheless, in order to ensure that subject matter

jurisdiction exists in this case the court will require a statement by Defendant detailing (1) the citizenship of American General Life Insurance Company; (2) the citizenship of American General Life Companies, LLC, in order to determine if diversity existed at the time of removal; and (3) if diversity did not exist at the time of removal, whether the court nonetheless has subject matter jurisdiction over this case due to, what appears to be, a clerical error which named the wrong Defendant in the Complaint. Accordingly, as discussed during the December 8, 2010, conference,

    IT IS ORDERED that Defendant is DIRECTED to file a "Statement of Jurisdiction" by **December 29, 2010**, outlining the three issues noted above. If subject matter jurisdiction does not exist, this action will be remanded.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: December 21, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 21, 2010, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-14190.FAKHOURY.Diversity.LLC.Citizenship.chd.wpd

3